JS 44 (Rev. 06/17)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Cornelius and Iris Potts, 1630 Pine Street, Norristown, PA

### DEFENDANTS

Medical Management Int'l, Inc., 8000 NE Tilarnook, Portland OR

**(b)** County of Residence of First Listed Plaintiff **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert Datner, Esquire The Datner Firm
340 North Lansdowne AVenue, Lansdowne, PA 19050
(610) 394-3000

Attorneys *(If Known)*
Marc H. Perry, Esquire, Post & Schell
Four Penn Center, 13th Floor, 1600 JFK Blvd,
Philadelphia, PA 19103 (215) 587-1000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 2  U.S. Government
       Defendant

☒ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
76,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE
03/12/2019

SIGNATURE OF ATTORNEY OF RECORD
Marc H. Perry, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **Cornelius and Iris Potts, 1630 Pine Street, Norristown, PA**

Address of Defendant: **Medical Management International, 8000 NE Tilarnook, Portland Oregon**

Place of Accident, Incident or Transaction: **2100 Chemical Road, Plymouth Meeting, Pennsylvania**

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **03/12/2019**

_____  _____  _____
                 *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability - Asbestos
- ☑ 9. All other Diversity Cases
       *(Please specify):* _____**Premises Liability Slip & Fall**_____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Marc H. Perry** _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: **03/12/2019**

_____  _____  _____
                 *Attorney-at-Law / Pro Se Plaintiff*      **68610**
                                                           *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Cornelius and Iris Potts | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| Medical Management International | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                             ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

| | |
|---|---|
| __03/12/2019__ | __Marc H. Perry, Esquire__ |
| **Date** | **Attorney-at-law** |
| | **Attorney for Defendant** |

| | |
|---|---|
| __(215) 587-6606__ | __(215) 320-4709__ |
| **Telephone** | **FAX Number** |

**E-Mail Address: mperry@postschell.com**

**(Civ. 660) 10/02**

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

POST & SCHELL, P.C.
BY: MARC H. PERRY, ESQUIRE
E-MAIL: mperry@postschell.com
I.D. # 68610
AARON L. DUNBAR, ESQUIRE
E-MAIL: adunbar@postschell.com
I.D.# 317773
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19103-2808
215-587-1000

ATTORNEYS FOR DEFENDANT,
MEDICAL MANAGEMENT
INTERNATIONAL, INC.

CORNELIUS POTTS and
IRIS POTTS,

IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

Plaintiffs,

v.

BANFIELD PET HOSPITAL; MEDICAL
MANAGEMENT INTERNATIONAL, INC.;
and PETSMART, INC.,

Defendants.

## DEFENDANT, MEDICAL MANAGEMENT INTERNATIONAL, INC.'S , PETITION FOR REMOVAL PURSUANT TO 28 U.S.C.§1332 AND U.S.C.§1441

Defendant, Medical Management International by and through its attorneys, Post & Schell, P.C., hereby petitions to remove the above-captioned action, which is presently in the Court of Common Pleas, Montgomery County, No. 2019-02406 pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq.*, and in support thereof, avers as follows:

**I.  NATURE OF ACTION**

1.  This action arises out of an alleged slip and fall accident that occurred on February 4, 2017 inside Pet Smart and Banfield Pet Hospital located at 2100 Chemical Road, Plymouth Meeting, PA. See a true and correct copy of Plaintiffs' Complaint attached hereto as Exhibit "A."

2.      Plaintiffs' are residents of Pennsylvania with an address of 1630 Pine Street, Norristown, Pennsylvania 19401. Id.

3.      Co-Defendant, Banifield Pet Hospital is a foreign corporation with principle place of business located at 18101 SE 16th Way, Vancouver Washington 98683. Id.

4.      Co-Defendant, Pet Smart, Inc., is a foreign corporation with principle place of business located at 19601 North 27th Avenue, Phoenix ., Arizona 85027.

5.      Defendant, Medical Management International, Inc., is a foreign corporation with principle place of business located at 18101 SE 16th Way, Vancouver Washington 98683. See Affidavit attached hereto as Exhibit "B."

7.      Plaintiff, Cornelius Potts, alleges to have suffered "injuries including but not limited to injuries to the spine and neck, fractured spine requiring spinal fusion, surgery weakness, pain and other injuries to the bones, muscles, tissues, blood, nerves and other body parts of the head, trunk, torso, neck, extremities and nervous system." "A" at ¶¶15. Plaintiff further alleges that as a result of the incident "Plaintiff sustained damages including, but not limited to plain and suffering, past, present and future, pain and future medical expenses, extreme distress, emotional upset, embarrassment and humiliation, past, present and future, disfigurement, loss of life's pleasures and other intangible losses compensable under the Laws of the commonwealth of Pennsylvania past, present and future. "A" at ¶¶16

8.      In addition, Plaintiff, Iris Potts, alleges that as a result of the accident, she "has been compelled in the past and will be compelled in the future, to expend substantial sums of money for medical care, medicines, and other expenses for the injured spouse." "A" at ¶¶26.

8.      Pursuant to Pennsylvania pleading rules, Plaintiffs have also asserted that the alleged damages are in excess of the $50,000 jurisdictional limits of a Board of Arbitrators. <u>See</u> Exhibit "A."

## II.   PROCEDURAL HISTORY

9.      On or about February 4, 2019 Plaintiff filed a Complaint in the Montgomery County Court of Common Pleas. <u>See</u> Exhibit "A."

10.     On February 23, 2019, Plaintiffs filed a Praecipe to Reinstate the Complaint.

11.     The Complaint was served on Pet Smart on February 11, 2019.

11.     Pursuant to 28 U.S.C. § 1446(b)(2)(B), Defendants shall have thirty (30) days after service of the Complaint to file a notice of removal.

12.     This notice of removal, and related papers, has been filed within thirty (30) days of the date of service of the Complaint on Defendant and is, therefore, timely under 28 U.S.C. § 1446(b).

## III.   LEGAL ARGUMENT

### A.   THE ADVERSE PARTIES ARE COMPLETELY DIVERSE

13.     Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based upon the diversity of citizenship of the parties.

14.     Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." <u>In re Briscoe</u>, 448 F.3d 201, 215 (3d Cir. 2006).

15.     A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

16.   Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, *i.e.* that "place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

18.   As stated above, as well as in the Complaint, Plaintiffs are residents of Pennsylvania.

19.   Management International, Inc., is foreign corporation with a principle place of business located in Vancouver Washington.

20. Co-Defendant, Pet Smart, Inc., is a foreign corporation with principle place of business located in Phoenix, Arizona.

21.   Further, Co-Defendant, Banifield Pet Hospital is a foreign corporation with principle place of business located in Vancouver Washington.

4.   19.   As a result, there is complete diversity of citizenship between the Plaintiffs (Pennsylvania), Defendant, Medical Management International, Inc. (Washington), Co-Defendant, Petsmart, Inc. (Arizona) and Co-Defendant, Banifield Pet Hospital (Washington).

**B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

20.   Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

21.   The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).

22.   "The amount in controversy is **not** measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v.

Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993), citing Hunt v. Washington State Apple Advertising Comm'n., 432 U.S. 333, 347 (1977)[emphasis added].

23.     The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum. Id.; see also Corwin Jeep Sales & Service v. American Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986) (finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than the jurisdictional minimum.").

24.     In this case, Plaintiff, Cornelius Potts, alleges to have suffered "injuries including but not limited to injuries to the spine and neck, fractured spine requiring spinal fusion, surgery weakness, pain and other injuries to the bones, muscles, tissues, blood, nerves and other body parts of the head, trunk, torso, neck, extremities and nervous system." "A" at ¶¶15. Plaintiff further alleges that as a result of the incident "Plaintiff sustained damages including, but not limited to plain and suffering, past, present and future, pain and future medical expenses, extreme distress, emotional upset, embarrassment and humiliation, past, present and future, disfigurement, loss of life's pleasures and other intangible losses compensable under the Laws of the commonwealth of Pennsylvania past, present and future. "A" at ¶¶16.

25. In addition, Plaintiff Iris Potts, alleges that as a result of the accident, she "has been compelled in the past and will be compelled in the future, to expend substantial sums of money for medical care, medicines, and other expenses for the injured spouse." "A" at ¶¶26.

25.     Considering all of these items of claimed recoverable damages, while Defendants dispute Plaintiff's allegations, a reasonable jury could value Plaintiff's losses at an amount in excess of the $75,000 minimum.

## IV.   CONCLUSION

26.    Therefore, with both the existence of diversity of citizenship between the parties and the amount of controversy threshold having been satisfied, removal is proper under 28 U.S.C. §§ 1332 and 1441. Medical Management International, Inc.

**WHEREFORE,** Defendant respectfully requests that this Honorable Court find this case to have been properly removed and assume full jurisdiction of this matter.

Respectfully submitted,

**POST & SCHELL, P.C.**

BY:   _____

**DATED:** March 11, 2019

MARC H. PERRY, ESQUIRE
AARON L. DUNBAR, ESQUIRE
Attorneys for DEFENDANT, MEDICAL
MANAGEMENT INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

MARC H. PERRY, ESQUIRE hereby states that a true and correct copy of the foregoing Petition for Removal to be electronically filed with the Court and served upon counsel of record.

**POST & SCHELL, P.C.**

BY: _____
MARC H. PERRY, ESQUIRE
AARON L. DUNBAR, ESQUIRE
Attorneys for DEFENDANTS

**DATED:** March 8, 2019

# EXHIBIT "A"

## CIVIL ACTION COMPLAINT

## COURT OF COMMON PLEAS OF MONTGOMERY COUNTY

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

CORNELIUS POTTS

vs.

BANFIELD PET HOSPITAL

NO. 2019-02406

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

Case# 2019-02406-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

PRIF0034
R 10/11

Case# 2019-02406-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

CORNELIUS POTTS

vs.

BANFIELD PET HOSPITAL

NO.  2019-02406

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas.  The information provided herein is used solely as an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:   ROBERT F DATNER, Esq., ID: 63086

Self-Represented (Pro Se) Litigant   ☐

**Class Action Suit**   ☐ Yes   ☒ No

**MDJ Appeal**   ☐ Yes   ☒ No

<u>**Money Damages Requested**</u>  ☒

<u>**Commencement of Action**</u>:

<u>**Amount in Controversy**</u>:

Complaint

More than $50,000

# Case Type and Code

Tort:

Premises Liability

**Other:**

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

Cornelius Potts and Iris Potts
(Individually and as h/w)
1630 Pine Street
Norristown, Pennsylvania 19401

vs.

Banfield Pet Hospital
18101 SE 6th Way
Vancouver, Washington 98683                              NO.
and
Medical Management International, Inc.
8000 NE Tilamook
Box 13998
Portland, Oregon 97213-0998
and
Petsmart, Inc.
19601 North 27th Avenue
Phoenix, Arizona 85027

## NOTICE TO DEFEND-CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19401

(610) 279-9660, EXTENSION 201

Case# 2019-02406-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2019-02406-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

THE DATNER FIRM
BY: ROBERT F. DATNER, ESQUIRE
SUPREME COURT I.D. NO.: 63086                    **ATTORNEY FOR PLAINTIFFS**
340 NORTH LANSDOWNE AVENUE
LANSDOWNE, PA 19050
TELEPHONE (610)394-3000
RobertDatner@Yahoo.com

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA, CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| **Cornelius Potts and Iris Potts** | : | |
| **(individually and as h/w)** | : | |
| **1630 Pine Street** | : | |
| **Norristown, Pennsylvania 19401** | : | **DOCKET NO.:** |
| | : | |
| **v.** | : | |
| **Banfield Pet Hospital** | : | |
| **18101 SE 6th Way** | : | |
| **Vancouver, Washington 98683** | : | |
| | : | |
| **and** | : | |
| **Medical Management International, Inc.** | : | |
| **8000 NE Tilamook** | : | |
| **Box 13998** | : | |
| **Portland, Oregon 97213-0998** | : | |
| | : | |
| **and** | : | |
| **Petsmart, Inc.** | : | **CIVIL ACTION-AT LAW** |
| **19601 North 27th Avenue** | : | |
| **Phoenix, Arizona 85027** | : | |

**COMPLAINT**

1.    Plaintiffs, Cornelius Potts and Iris Potts are husband, wife, and residents of the

Commonwealth of Pennsylvania, at the above captioned address.

2.    Defendant, Banfield Pet Hospital, with an address as above captioned, is on

Case# 2019-02406-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

information and belief, a fictitious name under which defendant, Medical Management International, Inc. does business at 2100 Chemical Road, Plymouth Meeting, Pennsylvania 19462.

3. Defendant, Medical Management International, Inc., on information and belief, is an Oregon corporation, operating veterinary clinics throughout the United States and doing business as Banfield Pet Hospital with a veterinary clinic location at 2100 Chemical Road, Plymouth Meeting, Pennsylvania 19462.

4. Defendant, Petsmart, Inc., on information and belief, is an Arizona Corporation, with a business address as above captioned.

5. At all times material hereto, all of the above named defendants, both jointly and independently, themselves or through their agents, servants, and employees, as owners, lessees and/or sub-lessees, did operate a Veterinary Clinic, Veterinary hospital and retail pet store at 2100 Chemical Road, Plymouth Meeting, Pennsylvania, under the name Banfield Pet Hospital and every such defendant did exercise care, custody and control of that Veterinary Hospital/clinic and were responsible for the supervision and training of all of the employees working at the direction of the defendants.

6. Defendant PetSmart, Inc. operated a retail pet store at the aforementioned 2100 Chemical Road, Plymouth Meeting, Pennsylvania, in which defendants, Banfield Pet Hospital and Medical Management International, Inc. operated a veterinary Hospital/clinic that provided veterinary and grooming services.

7. As such, every one of these above listed defendants was responsible for the inspection, maintenance and upkeep of the aforesaid premises at 2100 Chemical Road, Plymouth Meeting, Pennsylvania, and for the hiring, training and supervision of employees providing veterinary and Pet grooming services, and for recognizing and correcting potentially harmful or

Case# 2019-02406-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

dangerous conditions by reasonable inspection and proper safety practices.

8.      On or about February 4, 2017, the incident date, plaintiffs, Cornelius and Iris Potts, hired the above Defendants individually or jointly for the purpose of having veterinary and grooming services performed on their pet, a 200 pound Bull Mastiff dog. Specifically the services sought by the plaintiffs and provided by the defendants were rinsing out the dog's ears and clipping the dog's nails.

9.      On the aforementioned date, Veterinary and grooming services were performed by employees, servants and/or agents of the defendants. Specifically, the services were performed by two female employees of the defendants.

10.     On the aforementioned date, the two employees requested that the plaintiffs assist them in restraining the dog, while they rinsed out the dog's ears and clipped the dog's nails.

11.     Plaintiff, Mr. Potts, attempted to hold the rear portion of his dog while the employees poured liquid in the dog's ears and clipped the dog's nails within an examining room at the defendants' veterinary hospital/clinic.

12.     While the grooming and veterinary services were being performed by the defendants' employees the plaintiffs' dog moved vigorously, thereby causing the liquid solution then being used to clean the dog's ears to spray throughout and about the examining room and causing the glossy tile floor in the room to become wet, slippery and slick.

13.     In addition, the dog was caused to bleed when the employees clipped the dog's nails causing blood  to fall  on the glossy tile floor, already wet from the solution that had been applied to the dog's ears.

14.     While plaintiff, Mr. Potts, attempted to assist in restraining his dog, he was caused to slip and fall backwards on the wet and slippery tile floor, striking his head on the floor, the result

Case# 2019-02406-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

of which caused him to suffer serious and permanent personal injuries and damages.

15.     As a consequence of this incident, plaintiff, Cornelius Potts sustained injuries including but not limited to injuries to the spine and neck, fractured spine requiring spinal fusion surgery, weakness, pain and other injuries to the bones, muscles, tissues, blood, nerves and other body parts of the head, trunk, torso, neck, extremities and nervous system, the full extent and nature of which is to be determined.

16.     As a further result of the negligence of the defendants, plaintiff, Cornelius Potts sustained damages including but not limited to:

    a.     Pain and suffering, past, present and future;

    b.     Past and future medical expenses;

    c.     Extreme distress, emotional upset, embarrassment and humiliation, past, present and future;

    d.     Disability, past, present and future;

    e.     Disfigurement, loss of life's pleasures and other intangible losses compensable under the Laws of the Commonwealth of Pennsylvania past, present and future.

## Count I
### Cornelius Potts v. Banfield Pet Hospital
### Negligence

17.     The averments of all other paragraphs of this complaint are repeated herein by reference, as though set forth here in full.

18.     The accident, fall, injury, and damages described above resulted from the negligence of this defendant and it employees, agents and representatives by acts or omissions, including but not limited to:

Case# 2019-02406-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

a. failure to properly secure plaintiffs dog so as to avoid a serious risk of injury to plaintiff;

b. failure to inspect the floor within the examining room to see an obviously dangerous condition;

c. failure to use floor mats, carpets or any other device to make sure that a slippery hazardous floor would not be created during the performance of veterinary and grooming services that involved liquids, that caused a hazard to those individuals standing on the floor, such as plaintiff;

d. failure to take reasonable steps to identify and protect against dangerous conditions which the customers of the defendants could not reasonably be expected to observe, foresee, avoid or protect against;

e. failure to use the best practices when cleaning/rinsing the ears and clipping the nails of a large dog;

f. failure to provide adequate safeguards for the plaintiff;

g. failure to choose a different surface for the floor other than a tile floor;

h. failure to use reasonable care to hire and retain individuals for the purpose of inspecting and cleaning work areas, such as the examining room described herein,

i. failure to post signs, barricades or other warnings of the dangers;

j. failure to exercise reasonable care under the circumstances.

k. Failure to exercise reasonable care to protect its business invitees;

l. Improperly requesting the assistance of the plaintiffs in performing veterinary and grooming services when defendants knew or should have

Case# 2019-02406-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

known that to do so created a serious risk of injury to plaintiffs;

m.    Failure to utilize proper veterinary and dog grooming methods and procedures at defendant's clinic;

n.    failure to perform veterinary and grooming services with a sufficient number of employees so as to avoid a serious risk of harm to plaintiffs;

o.    Allowing the floor to remain slippery and wet during the performance of veterinary and grooming services so as to create a slip hazard;

p.    Inadequate staffing during the performance of veterinary and grooming services;

q.    Failure to post warnings, barricades or other cautionary measures to protect business invitees;

r.    violating the provisions of Federal, State, and local ordinances, laws and regulations governing the operation of a veterinary and pet grooming facility;

s.    Violating the provisions of applicable industry, trade, safety and other practice standards;

t.    Failure to reasonably inspect and repair the dangers and defects at the property under this defendant's custody and control;

u.    Failure to use reasonable care in hiring, assigning, monitoring, and overseeing such company or individual employees or independent contractors who were engaged in any activity that caused or contributed to the injury of the plaintiff.

v.    Failure to use reasonable care in training such company or individual

Case# 2019-02405-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

employees or independent contractors who were engaged in any activity that caused or contributed to the injury of the plaintiff.

w.   Failure to use reasonable care in practicing veterinary medicine and dog grooming.

WHEREFORE, plaintiff prays for damages against this defendant in an amount exceeding the jurisdictional arbitration limits, plus the imposition of delay damages, interest, court costs, and other costs allowed by law.

## Count II
## Cornelius Potts v. Medical Management International, Inc. Corporation Negligence

19.   The averments of all other paragraphs of this complaint are repeated herein by reference, as though set forth here in full.

20.   The accident, fall, injury, and damages described above resulted from the negligence of this defendant and it employees, agents and representatives by acts or omissions, including but not limited to:

a.   failure to properly secure plaintiffs dog so as to avoid a serious risk of injury to plaintiff;

b.   failure to inspect the floor within the examining room to see an obviously dangerous condition;

c.   failure to use floor mats, carpets or any other device to make sure that a slippery hazardous floor would not be created during the performance of veterinary and grooming services that involved liquids, that caused a hazard to those individuals standing on the floor, such as plaintiff;

Case# 2019-02406-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

d.    failure to take reasonable steps to identify and protect against dangerous conditions which the customers of the defendants could not reasonably be expected to observe, foresee, avoid or protect against;

e.    failure to use the best practices when cleaning/rinsing the ears and clipping the nails of a large dog;

f.    failure to provide adequate safeguards for the plaintiff;

g.    failure to choose a different surface for the floor other than a tile floor;

h.    failure to use reasonable care to hire and retain individuals for the purpose of inspecting and cleaning work areas, such as the examining room described herein,

i.    failure to post signs, barricades or other warnings of the dangers;

j.    failure to exercise reasonable care under the circumstances.

k.    Failure to exercise reasonable care to protect its business invitees;

l.    Improperly requesting the assistance of the plaintiffs in performing veterinary and grooming services when defendants knew or should have known that to do so created a serious risk of injury to plaintiffs;

m.    Failure to utilize proper veterinary and dog grooming methods and procedures at defendant's clinic;

n.    failure to perform veterinary and grooming services with a sufficient number of employees so as to avoid a serious risk of harm to plaintiffs;

o.    Allowing the floor to remain slippery and wet during the performance of veterinary and grooming services so as to create a slip hazard;

p.    Inadequate staffing during the performance of veterinary and grooming

Case# 2019-02406-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

services;

q.    Failure to post warnings, barricades or other cautionary measures to protect

business invitees;

r.    violating the provisions of Federal, State, and local ordinances, laws and

regulations governing the operation of a veterinary and pet grooming

facility;

s.    Violating the provisions of applicable industry, trade, safety and other

practice standards;

t.    Failure to reasonably inspect and repair the dangers and defects at the

property under this defendant's custody and control;

u.    Failure to use reasonable care in hiring, assigning, monitoring, and

overseeing such company or individual employees or independent

contractors who were engaged in any activity that caused or contributed to

the injury of the plaintiff.

v.    Failure to use reasonable care in training such company or individual

employees or independent contractors who were engaged in any activity

that caused or contributed to the injury of the plaintiff.

w.    Failure to use reasonable care in practicing veterinary medicine and dog

grooming.

WHEREFORE, plaintiff prays for damages against this defendant in an amount

exceeding the jurisdictional arbitration limits, plus the imposition of delay damages, interest, court

costs, and other costs allowed by law.

Case# 2019-02406-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Count III**
**Cornelius Potts v. Petsmart, Inc.**
Negligence

21.     The averments of all other paragraphs of this complaint are repeated herein by reference, as though set forth here in full.

22.     The accident, fall, injury, and damages described above resulted from the negligence of this defendant and it employees, agents and representatives by acts or omissions, including but not limited to:

a.  failure to properly secure plaintiffs dog so as to avoid a serious risk of injury to plaintiff;

b.     failure to inspect the floor within the examining room to see an obviously dangerous condition;

c.     failure to use floor mats, carpets or any other device to make sure that a slippery hazardous floor would not be created during the performance of veterinary and grooming services that involved liquids, that caused a hazard to those individuals standing on the floor, such as plaintiff;

d.     failure to take reasonable steps to identify and protect against dangerous conditions which the customers of the defendants could not reasonably be expected to observe, foresee, avoid or protect against;

e.      failure to use the best practices when cleaning/rinsing the ears and clipping the nails of a large dog;

f.     failure to provide adequate safeguards for the plaintiff;

g.     failure to choose a different surface for the floor other than a tile floor;

h.     failure to use reasonable care to hire and retain individuals for the purpose of inspecting and cleaning work areas, such as the examining room

Case# 2019-02406-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

described herein,

i.      failure to post signs, barricades or other warnings of the dangers;

j.      failure to exercise reasonable care under the circumstances.

k.      Failure to exercise reasonable care to protect its business invitees;

l.      Improperly requesting the assistance of the plaintiffs in performing veterinary and grooming services when defendants knew or should have known that to do so created a serious risk of injury to plaintiffs;

m.      Failure to utilize proper veterinary and dog grooming methods and procedures at defendant's clinic;

n.      failure to perform veterinary and grooming services with a sufficient number of employees so as to avoid a serious risk of harm to plaintiffs;

o.      Allowing the floor to remain slippery and wet during the performance of veterinary and grooming services so as to create a slip hazard;

p.      Inadequate staffing during the performance of veterinary and grooming services;

q.      Failure to post warnings, barricades or other cautionary measures to protect business invitees;

r.      violating the provisions of Federal, State, and local ordinances, laws and regulations governing the operation of a veterinary and pet grooming facility;

s.      Violating the provisions of applicable industry, trade, safety and other practice standards;

t.      Failure to reasonably inspect and repair the dangers and defects at the

Case# 2019-02406-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

property under this defendant's custody and control;

u.    Failure to use reasonable care in hiring, assigning, monitoring, and overseeing such company or individual employees or independent contractors who were engaged in any activity that caused or contributed to the injury of the plaintiff.

v.    Failure to use reasonable care in training such company or individual employees or independent contractors who were engaged in any activity that caused or contributed to the injury of the plaintiff.

w.    Failure to use reasonable care in practicing veterinary medicine and dog grooming.

WHEREFORE, plaintiff prays for damages against this defendant in an amount exceeding the jurisdictional arbitration limits, plus the imposition of delay damages, interest, court costs, and other costs allowed by law.

### COUNT IV
### Iris Potts v. Defendants
### Consortium

23.    The averments of all other paragraphs of this complaint are repeated herein by reference, as though set forth here in full.

24.    Since the injury and damages sustained by the plaintiff, resulted from the negligence of these defendants, as set forth in the foregoing counts, plaintiff's spouse, is entitled to recover from the these defendants for consortium injuries that the spouse has suffered as a consequence of harm to the injured plaintiff.

25.    As a result of the negligence of these defendants, plaintiff's spouse has been

Case# 2019-02406-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

deprived of the enjoyment, support, society, companionship, and consortium of the injured spouse and believes and, therefore, avers that such deprivation will continue into the future.

26.     As a result of the negligence of these defendants, plaintiff's spouse has been compelled in the past and will be compelled in the future, to expend substantial sums of money for medical care, medicines, and other expenses for the injured spouse directly related to, resulting from or caused by the negligence of this defendant.

WHEREFORE, Plaintiff's spouse prays for damages against these defendants in an amount exceeding the jurisdictional arbitration limits plus the imposition of delay damages, interest, court costs, and other costs allowed by law.

BY: _____

ROBERT F. DATNER, ESQUIRE
ATTORNEY FOR PLAINTIFFS,
CORNELIUS POTTS AND IRIS POTTS
(INDIVIDUALLY and as H/W)

Case# 2019-02405-0 Docketed at Montgomery County Prothonotary on 02/04/2019 7:52 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**COMMONWEALTH OF PENNSYLVANIA**     :

                                                  : ss

**COUNTY OF MONTGOMERY**                   :

## V E R I F I C A T I O N

Corneilous Potts, hereby states that he is the plaintiff in this action, and that he verifies that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information, and belief. The undersigned understands that the statements therein are made subject to penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

CORNEILOUS POTTS

February 3, 2019
DATE

# EXHIBIT "B"

## AFFIDAVIT OF DONNA JOSEY

| | |
|---|---|
| CORNELIUS POTTS and<br>IRIS POTTS,<br><br>                  Plaintiffs,<br><br>          v.<br><br>BANFIELD PET HOSPITAL; MEDICAL<br>MANAGEMENT INTERNATIONAL, INC.;<br>and PETSMART, INC.,<br><br>                 Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF<br>PENNSYLVANIA<br><br>NO._____ |

## AFFIDAVIT OF REPRESENTATIVE OF MEDICAL MANAGEMENT INTERNATIONAL INC.

BEFORE ME, the undersigned Notary, on this day personally appeared .........., and being by me first duly sworn, on her oath, states as follows:

1.      My name is _Donna Josey__, I am over the age of twenty-one and have personal knowledge of the information set forth in this Affidavit. This Affidavit is submitted in support of Defendant, Medical Management International Inc's Petition for Removal.

2.      I am the __Sr. Lead – Workers' Compensation and Liability Unit__ of Medical Management International Inc.,

3.      At the time of the incident alleged in the Complaint, and presently, Medical Management International is a foreign corporation with principle place of business located at 18101 SE 6TH Way Vancouver Washington 98683

4.      Medical Management International Inc. is a foreign corporation with a business address of 18101 SE 6TH Way Vancouver Washington 98683

Sworn to before me this
11th the day of March                 , 2019

_____
NOTARY PUBLIC

KIMBERLEE HOOVER
STATE OF WASHINGTON
NOTARY PUBLIC
COMMISSION EXPIRES
07-19-2020

**2**