THE DATNER FIRM
BY: ROBERT F. DATNER, ESQUIRE
ATTORNEY I.D. #63086
340 N. LANSDOWNE AVENUE
LANSDOWNE, PA 19050                    ATTORNEYS FOR PLAINTIFFS
TELEPHONE (610) 394-3000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNEILOUS POTTS and <br> IRIS POTTS <br>         Plaintiffs <br> V. <br><br> BANFIELD PET HOSPITAL, MEDICAL MANAGEMENT INTERNATIONAL, INC.; and PETSMART, INC., <br>         Defendants. | CIVIL ACTION <br><br> NO.: 19-1059 |

### PLAINTIFF, CORNEILOUS POTTS'S PRE – TRIAL MEMORANDUM

Corneilous Potts, plaintiff, by and through his attorney, Robert F. Datner, Esquire submits the within Pre-Trial Memorandum:

**I.     SUMMARY OF PLAINTIFF'S CASE**

On February 4, 2017, Corneilous Potts, then 60 years of age, hired the defendants to provide grooming services- nail clipping and ear cleaning, for his pet dog, Odin. The defendants maintained a veterinary clinic within a retail pet store, Petsmart, in Plymouth Meeting, Montgomery County. Mr. Potts's dog was large, weighing about 200 pounds.

Mr. Potts, had regularly paid for grooming at the defendant's establishment, however, this was the first time Mr. Potts was asked by the defendant's employees to assist them in the grooming procedures. Mr. Potts was asked to straddle the dog to hold him from moving. The tile floor in the examining room had become wet and slippery as liquid, blood and a "Sulphur" powder accumulated on the floor during the grooming. As the defendant's employee began

checking the dog's ears, the dog began to buck causing Mr. Potts to lose his balance and slip on the floor.

Both Mr. Potts and the defendant's employee fell. Mr. Potts slipped and fell backwards, striking his upper back on the hard tile floor.

## II. LIABILITY

Mr. Potts was a business invitee of the defendant's and owed the highest duty of care. The defendant's created a dangerous condition, in requesting that Mr. Potts straddle his large dog during grooming procedures that the defendants knew or should have known could cause harm to the plaintiff.

It is believed that the defendant's violated their own safety policies for performing said grooming services, and created a dangerous condition by requesting that the plaintiff engage in a dangerous activity (assisting the employee during pet grooming) on a wet slippery floor.

## III. CAUSATION AND DAMAGES

As a result of the negligence, and carelessness of the Defendants, Plaintiff, Corneilous Potts, suffered severe and serious injuries to his body, including, but not limited to bilateral weakness in the lower and upper extremities.

Mr. Potts underwent spinal fusion surgery, including decompression of the C3-C6 vertebrae and placement of screws and rods within his neck. He now has a straightening of the cervical lordosis and a pronounced surgical scar.

Mr. Potts received post-surgical inpatient rehabilitation followed by outpatient rehabilitation. Mr. Potts progressed from being wheelchair bound to walking with a walker to ambulating with a cane.

Although Mr. Potts had occasional gout flare ups, he was asymptomatic prior to this fall down injury and reported no prior neck pain or weakness of the extremities.

Prior to this incident, Mr. Potts was a 24 year employee of Arcelor Mittel Corporation, a Steel Mill, where he worked in all aspects of steel production during his lengthy employment. Following the incident, Mr. Potts was approved for short-term disability, then attempted to return to work approximately 6 months post-surgery. He was not permitted to return to work as he could not pass an employer physical examination. He then retired.

Mr. Potts continues to have difficulty walking, climbing stairs and with all activities of daily living.

## IV.   EXHIBITS

### Damages Exhibit# and Description

1. Surgical Report of Mandy J. Binning, MD
2. Einstein Emergency Department Records,
3. Suburban Geriatrics Records
4. Albert Einstein Healthcare Network Records
5. Einstein Healthcare Network Moss Rehab Records
6. Global Neuroscience Institute, LLC Records
7. Einstein Hospital Radiology Records
8. CT Head
9. MRI Brain
10. Equian Lien $70,429.61

### Liability Exhibit# and Description

1. Incident Report
2. Banfield Pet Hospital Records
3. Post-Surgery Photo

## V.   WITNESS LIST

Plaintiff intends to call the following witnesses:

a. Corneilous Potts, Plaintiff. To testify as to the incident and his injuries.
b. Iris Potts, Plaintiff domestic partner. To testify as to the incident and plaintiff's injuries.
c. Mandy J. Binning, MD: To testify as to the cervical fusion surgery she performed on the plaintiff.
d. Dr. Bruce Grossinger: To testify as to his medical examination of the plaintiff and his review of the medical records. Dr. Grossinger is a Board Certified Neurologist.

e. Defendant Employees:
Paola Carrillo Cardenas and Kimberly Ahonkhai. To testify as to the incident.

## VI.   PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

### A.   From the model jury instruction for the 3rd circuit:

1   Preliminary Instructions for use at Commencement at Trial and/or at the End of

        Trial
1.1 Introduction Role of Jury
1.2 Description of Case
1.3 Conduct of Jury
1.5 Evidence
1.6 Direct and Circumstantial Evidence
1.7 Credibility of Witnesses
1.9 Note taking by Jurors
1.10 Preponderance of the Evidence
1.12 Descriptions of Trial Proceedings
2.5 Use of Deposition
2.11 Opinion Testimony
3.1 Deliberations

**B.    POINTS FOR CHARGE ON THE SUBSTANTIVE ISSUES**

From the Pennsylvania Jury Instructions:

3.00 Issues in the Case
3.01 Negligence Definition
3.15 Factual Cause
5.50 Burden of Proof
6.00 Damages
6.01 Lump Sum Damages
6.09 Past and Future Non-economic Loss
7.00-01 The duty of the owner possessor of land to business invitees

**VII.    PLAINTIFF'S PROPOSED VERDICT SLIP**

See attached.

                                              **RESPECTFULLY SUBMITTED,**

                                              **THE DATNER FIRM**

                          **BY:**  _____
                                              **ROBERT F. DATNER, ESQUIRE**
                                              **ATTORNEY FOR PLAINTIFF**

# **VERDICT SLIP**

**QUESTION #1:**

Do you find that Banfield Pet Hospital was negligent?

YES_____ NO_____

☐ If you answered "Yes", proceed to question 2.

☐ If you answered "No", do not answer any more questions. The foreperson should sign the verdict and notify the Court that you have reached a verdict.

**QUESTION #2:**

Was the negligence of Defendant, Banfield Pet Hospital a factual cause of injury to Plaintiff, Corneilous Potts?

YES_____ NO_____

☐ If you answered "Yes", proceed to question 3.

☐ If you answered "No", do not answer any more questions. The foreperson should sign the verdict and notify the Court that you have reached a verdict.

**QUESTION #3:**

Do you find that Plaintiff, Corneilous Potts, was negligent?

YES_____ NO_____

☐ If you answered "Yes", proceed to question 4.

☐ If you answered "No", proceed to question 5.

**QUESTION #4:**

State the percentage of negligence attributed to Defendant, Banfield Pet Hospital and Plaintiff, Corneilous Potts:

Banfield Pet Hospital _____%
Corneilous Potts          _____%

☐ The total must add up to 100%. When the total sums 100%, proceed to question 5.

**QUESTION #5:**

State the total amount of damages awarded to Corneilous Potts:
$_____

☐ The foreperson should sign the verdict and notify the Court that you have reached a verdict.

Please sign this form and return to the courtroom.

_____
FOREPERSON

DATED:

THE DATNER FIRM
BY: ROBERT F. DATNER, ESQUIRE
ATTORNEY IDENTIFICATION # 63086
340 N LANSDOWNE AVENUE
LANSDOWNE, PA 19050               ATTORNEY FOR PLAINTIFF
TELEPHONE (610) 394-3000
FAX: (610) 394-1213

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELIUS POTTS and<br>IRIS POTTS | : <br> : <br> : |
| v. | : <br> : |
| BANFIELD PET HOSPITAL; MEDICAL<br>MANAGEMENT INTERNATIONAL, INC.<br>and PETSMART, INC. | : No. 2:19-CV:01059 <br> : <br> : |

### CERTIFICATE OF SERVICE

I, Robert F. Datner, hereby certify that on this 12th day of February 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

      Marc H. Perry, Esquire
      Aaron L. Dunbar, Esquire
      Post & Schell
      Four Penn Center, 1600 JFK Blvd., 13th Floor
      Philadelphia, PA 19103

THE DATNER FIRM,

ROBERT F. DATNER, ESQUIRE
ATTORNEY ID 63086

Dated: