# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELIUS POTTS,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>BANFIELD PET HOSPITAL; MEDICAL MANAGEMENT INTERNATIONAL, INC.; and PETSMART, INC.,<br><br>　　　　　　　Defendants. | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA<br><br>No. 2:19-cv:01059 |

## ORDER

**AND NOW** this _____ day of _____, 2020, upon consideration of Defendants Banfield Pet Hospital, Medical Management International, and PetSmart, Inc.'s Motion in Limine to preclude Plaintiff Cornelius Potts from offering evidence related to the causation of Cornelius Potts' alleged injuries, and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**. Plaintiffs Cornelius Potts is precluded from offering any evidence at trial related to the causation of Cornelius Potts' alleged injuries.

　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**HONORABLE WENDY BEETLESTONE**
　　　　　　　　　　　　　　　　　　*Judge, United States District Court*

POST & SCHELL, P.C.
BY:  MARC H. PERRY, ESQUIRE
E-MAIL: mperry@postschell.com
I.D. # 68610
DAVID S. BIGELOW, ESQUIRE
E-MAIL: dbigelow@postschell.com
I.D. # 326607
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA  19103-2808
215-587-1000

ATTORNEYS FOR DEFENDANTS

| CORNELIUS POTTS, | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
|---|---|
| Plaintiff, | |
| v. | No. 2:19-cv:01059 |
| BANFIELD PET HOSPITAL; MEDICAL MANAGEMENT INTERNATIONAL, INC.; and PETSMART, INC., | |
| Defendants. | |

## **DEFENDANTS BANFIELD PET HOSPITAL, MEDICAL MANAGEMENT INTERNATIONAL, INC., AND PETSMART, INC.'S MOTION IN LIMINE**

Defendants Banfield Pet Hospital, Medical Management International, Inc., and PetSmart, Inc. by and through their counsel, Post & Schell, P.C., hereby file the within Motion in Limine, as is further explained in the following Memorandum of Law in Support.

Respectfully Submitted,

**POST & SCHELL, P.C.**

BY: _____
MARC H. PERRY, ESQUIRE
DAVID S. BIGELOW, ESQUIRE
Attorneys for DEFENDANTS

**DATED:** 02/14/2020

POST & SCHELL, P.C.
BY:  MARC H. PERRY, ESQUIRE
E-MAIL: mperry@postschell.com
I.D. # 68610
DAVID S. BIGELOW, ESQUIRE
E-MAIL: dbigelow@postschell.com
I.D. # 326607
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA  19103-2808
215-587-1000

ATTORNEYS FOR DEFENDANTS

| | |
|---|---|
| CORNELIUS POTTS,<br><br>                        Plaintiff,<br><br>          v.<br><br>BANFIELD PET HOSPITAL; MEDICAL MANAGEMENT INTERNATIONAL, INC.; and PETSMART, INC.,<br><br>                        Defendants. | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA<br><br>No. 2:19-cv:01059 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS BANFIELD PET HOSPITAL, MEDICAL MANAGEMENT INTERNATIONAL, INC., AND PETSMART, INC.'S MOTION IN LIMINE

Defendants, Banfield Pet Hospital, Medical Management International, Inc., and PetSmart, Inc., by and through their counsel, Post & Schell, P.C., hereby file the following Memorandum of Law in support of their Motion in Limine to preclude Plaintiff Cornelius Potts from offering evidence at trial related to the causation of Plaintiff Cornelius Potts' alleged injuries.

**I.     MATTER BEFORE THE COURT**

Motion in Limine of Defendants, Banfield Pet Hospital, Medical Management International, Inc., and PetSmart, Inc. ("Defendants") to preclude Plaintiff Cornelius Potts ("Plaintiff") from offering evidence at trial related to the causation of Plaintiff's alleged injuries.

II. **STATEMENT OF QUESTION PRESENTED**

Whether Plaintiff must be precluded from offering any evidence at trial related to the causation of Plaintiff's alleged injuries when (1) Plaintiff has failed to adduce any evidence related to the causation of his alleged injuries, and (2) Plaintiff has failed to present any expert testimony related to the causation of his alleged injuries?

**SUGGESTED ANSWER: Yes.**

III. **FACTUAL/PROCEDURAL HISTORY**

On February 4, 2017, Plaintiff, his wife Iris Potts, and their two hundred pound bull mastiff dog named Odin arrived at the Banfield Pet Hospital ("Banfield") located within the PetSmart store in Plymouth Meeting, PA. See a copy of Plaintiff's Complaint attached hereto as Exhibit "A" at ¶ 8. Defendant Banfield provides veterinary and grooming services for pet owners, and employees licensed veterinarians and assistants. Plaintiff brought Odin to Banfield to have his ears cleaned out and to clip his toenails. Id. On the date of incident, Odin weighed one hundred and ninety-seven pounds. See a copy of the Banfield Incident Report related to this matter attached hereto as Exhibit "B."

The subject examination and grooming of Odin was conducted by Banfield's veterinary assistant Ms. Paola Cardenas ("Cardenas") and a veterinarian (who was not in the private examination room when the incident occurred). See Exhibit "B." This occurred in a private examination room at Banfield. First, Cardenas clipped Odin's toenails. See a copy of Plaintiff's deposition testimony attached hereto as Exhibit "C" at 23:1-3. Odin was standing on the floor when this occurred. Id. at 23:13-14. Next, Cardenas attempted to check Odin's ears and Plaintiff alleges she asked him to "help assist and hold [Odin's] backside or his middle side as well so

[Cardenas] could check his ears." Id. at 24:1-5.[1] Plaintiff alleges Cardenas instructed him "to hold [Odin's] middle or straddle him so she could kind of get in his ear." Id. at 25:7-12. At this point, Odin started "bucking" and Plaintiff fell. Id. Soon after, the examination concluded and Plaintiff exited the PetSmart with Odin. Id. at 27:16-24 – 28:1-2.

The subject incident occurred on Saturday February 4, 2017, between 10:00 am and 11:16 am. See Exhibit "B." Plaintiff did not seek emergency room treatment immediately after the incident. Plaintiff did not seek medical attention for his alleged injuries **until forty six (46) days had passed** when he presented to Einstein Medical Center on March 22, 2017. See copies of Einstein Medical Center discharge documents related to Potts attached hereto as Exhibit "D." Plaintiff then underwent surgery for a degenerative condition of the spine (cervical spinal stenosis) on March 24, 2017. There is no expert report or testimony in this case linking Plaintiff's alleged injuries to the March 24, 2017, surgery.

Plaintiff initiated this matter by filing a Complaint in the Montgomery County Court of Common Pleas on February 4, 2019. See Exhibit "A." On March 27, 2019, the case was removed by the Honorable Court from Montgomery County to the District Court for the Eastern District of Pennsylvania. See a copy of E.D.P.A. Docket for this matter attached hereto as Exhibit "E." On June 27, 2019, this matter was referred for arbitration by the Honorable Court. Id. On December 17, 2019, an arbitration award was entered in favor of Plaintiff and Defendants filed an Appeal from the Arbitration Award. Id. On January 17, 2020, the Court scheduled this matter for trial to commence on February 24, 2020. Id. Defendants now submit the instant Motion in Limine.

---

[1] Defendants deny that any of their employees requested Plaintiff to participate in the examination of Odin. Rather, Plaintiff volunteered to participate in the examination.

## IV.  LEGAL ARGUMENT

### A.  Standard for Motions in Limine

A motion in limine is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered. Rachlin v. Edmison, 813 A.2d 862; (Pa. Super. 2002) (citation omitted). Admissibility of evidence is a matter addressed to the sound discretion of the trial court. Commonwealth v. Gordon, 673 A.2d 866 (Pa. 1996).  The purpose of a motion in limine is twofold: (1) to provide the trial court with a pretrial opportunity to weigh carefully and consider potentially prejudicial and harmful evidence; and (2) to preclude evidence from ever reaching a jury that may prove to be so prejudicial that no instruction could cure the harm to the defendant, thus reducing the possibility that prejudicial error could occur at trial which would force the trial court to either declare a mistrial in the middle of the case or grant a new trial at its conclusion. Commonwealth v. Noll, 662 A.2d 1123, 1125 (Pa. Super. 1995), alloc. denied, 673 A.2d 333 (Pa. 1996) (citations omitted).  Questions concerning the admissibility of evidence are within the discretion of the trial court. Potochnick v. Perry, 861 A.2d 277, 282 (Pa. Super. 2004); Commonwealth v. Gordon, 673 A.2d 866 (Pa. 1996). For the following reasons, Defendants' Motion in Limine to preclude Plaintiff from offering evidence at trial related to the causation of his alleged injuries must be granted.

### B.  Plaintiff Has Failed to Meet His Burden or Present Evidence Related to the causation of His Alleged Injuries

The mere happening of an accident does not create liability against a defendant. Gayne v. Philip Carey Mfg. Co., 123 A.2d 432, 433 (Pa. 1956). The plaintiff has the burden of proving the following elements: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that

duty; (3) the defendant's negligence was a proximate cause or a substantial contributing factor in bringing about the plaintiff's harm; and (4) the plaintiff suffered injuries. <u>Macina v. McAdams</u>, 421 A.2d 432, 434 (Pa. Super. 1980). The plaintiff has the burden of proving all of the above elements. <u>Jones v. Lighty</u>, 2005 Phila. Ct. Com. Pl. LEXIS 41. Moreover, the mere existence of negligence and the occurrence of injury are insufficient to impose liability. <u>Ostrowski v. Crawford Door Sales Co.</u>, 217 A.2d 758 (Pa. Super. 1966). Plaintiff has the burden of proving the link of causation or of proving evidence from which a reasonable inference arises that the defendant's negligence was the proximate or legal cause of the injury. <u>Cuthbert v. Philadelphia</u>, 209 A.2d 261 (Pa. 1965).

In the present matter, Plaintiff has failed to meet his burden or present evidence related to causation. It is undisputed that the subject incident occurred on Defendants' premises on Saturday February 4, 2017 between 10:00 am and 11:16 am. <u>See</u> Exhibit "B." Plaintiff did not seek emergency room treatment immediately after the incident. Further, Plaintiff did not seek medical attention for his alleged injuries **until forty six (46) days had passed** when he presented to Einstein Medical Center. <u>See</u> Exhibit "F." Plaintiff then underwent surgery for a degenerative condition of the spine (i.e. cervical spinal stenosis) on March 24, 2017. This was not an acute spinal injury, rather a degenerative condition. Moreover, there is no expert report or testimony in this case linking Plaintiff's alleged injuries to the March 24, 2017, surgery. This failure, combined with the tenuous nature of Plaintiff's symptoms in relation to the subject incident, is fatal to Plaintiff's claims of negligence and must not be allowed before a jury.

Pennsylvania Courts most recently addressed the issue of proving causation for personal injuries without expert testimony in <u>Wallace v. McGraw</u>, 2012 Phila. Ct. Com. Pl. LEXIS 143; <u>aff'd without opinion</u>, <u>Wallace v. McGraw</u>, 63 A.3d 821 (Pa. Super. 2012). In <u>Wallace</u>, the trial

court granted a directed verdict in favor of defendant because plaintiff failed to present expert medical testimony from which a jury could determine the extent or cause of the injuries plaintiff alleged to have suffered as a result of a car accident. 2012 Phila. Ct. Com. Pl. LEXIS 143 at 2. Plaintiff presented no expert medical testimony. Id. Instead plaintiff presented his own non-expert opinion related to his own injuries, and the non-expert testimony of his wife and the defendant driver. Id.

On plaintiff's post-trial motion, he argued that he should have been permitted to present a case to the jury based on nothing more than his own testimony; without any medical testimony regarding the nature, severity, or causation of those injuries. Id. at 6. The trial court denied plaintiff's post-trial motion on the basis that plaintiff failed to present sufficient evidence to prove his case. Id. "There was simply no evidence presented by a competent source that could show that the [d]efendant was at fault for the causation of the [p]laintiff's alleged injuries, or even the extent or severity of those injuries. **Causation could have been shown, such as would have defeated a Motion for Directed Verdict, had [p]laintiff provided the testimony of a competent medical expert**." Id. at 7 (emphasis added). Under these facts, the Court held that the jury would not be able to conclude whether the injuries were proximately caused by the motor vehicle accident. Id.

These facts are almost identical to the present case. Here, Plaintiff has failed to present any expert testimony or expert report related to the causation of his alleged injuries. Nor has Plaintiff identified any expert medical witnesses they intend to call related to the causation of his alleged injuries. Like the plaintiff in Wallace, Plaintiff in this matter will only offer the non-expert testimony of himself, his wife, and Defendant's employee Ms. Cardenas to support their

argument on causation. Allowing Plaintiff to do so would be improper based on the reasoning in Wallace, and would be equivalent to allowing Plaintiff to assert that the incident was the cause of his alleged injuries just because he says so. For these reasons, Defendants' Motion in Limine must be granted.

## V.     RELIEF REQUESTED

Based on the foregoing, Defendants Banfield Pet Hospital, Medical Management International, and PetSmart, Inc. respectfully requests that this Honorable Court grant its Motion in Limine to preclude Plaintiff from offering evidence at trial related to the causation of his alleged injuries.

Respectfully Submitted,

**POST & SCHELL, P.C.**

**BY**: _____

**DATED:** 02/14/2020

MARC H. PERRY, ESQUIRE
DAVID S. BIGELOW, ESQUIRE
Attorneys for DEFENDANTS

## CERTIFICATE OF SERVICE

I, Marc H. Perry, Esquire, hereby states that a true and correct copy of the foregoing Motion in Limine and Memorandum of Law was served upon counsel of record via electronic filing, e-mail and/or regular U.S. mail.

**POST & SCHELL, P.C.**

**BY**: _____

**DATED:** 02/14/2020

MARC H. PERRY, ESQUIRE
Attorneys for DEFENDANT